## ADAIR *v.* THAYER.

*(Circuit Court, S. D. New York.* ——, 1880.

1. INFRINGEMENT—PART OF COMBINATION.—The appropriation of part of a patented combination constitutes an infringement *pro tanto*, if such part, separate from the rest, was new and patentable to the inventor.

    *Lister* v. *Leather*, 8 Ell. & B. 1004.
    *Sellers* v. *Dickinson*, 5 Exch. 312.

In Equity.

*Andrew J. Todd*, for complainant.

*John Van Santvoord* and *John S. Washburn*, for defendant.

WHEELER, D. J. This suit is founded upon re-issued letters patent No. 6,964, dated February 29, 1876, granted to the orator for an improvement in pumps. Before his invention single-acting pumps, cast in one piece, with open water heads, through which the piston and valves could be withdrawn and replaced readily, had been constructed; but all double-acting pumps, so far as has been shown, had been made in detached portions, were complicated, and their parts difficult of access. He devised a double-acting pump, with a piston cylinder and an open cylinder beside it for the valves below the piston, both below an open water head, through which the piston and those valves could be readily removed

and replaced; and with another short cylinder beside and opening into the upper part of the piston cylinder, for one of the valves above the piston, and a floating top to the piston cylinder, constituting the other valve above the piston, all the stationary parts of which could be cast in one piece, and all the moving parts of which would, when once in operation, be covered with and made air-tight by the water. The patent was intended to cover these improvements. The specification commences by stating that the invention consists in improvements in double-acting pumps, and describes the parts constituting the pumps as improved, their objects and modes of operation. There are five claims, the second of which only is claimed to be infringed, and that is for the "combination of the piston cylinder, the valve chamber and its valves, by which the water is supplied to and discharged from the lower side of the piston, the water head, and a cylinder cover, which is removable from the pump through the open water head, substantially as described." There cannot be a double-acting pump without two sets of valves—one below the piston, through which the water is drawn when the piston ascends, and another above the piston, through which the water is drawn when the piston descends. Only one pair, the one below the piston, is specifically mentioned in that claim. That pair, with the other parts specifically mentioned in the claim, and without the pair above the piston, not mentioned, would constitute a single-acting pump only. For such a pump the claim could not be maintained, because of lack of novelty; and as a claim for such a pump it clearly would not be infringed by the pump of the defendant. The defendant argues and insists that, as the inventor separated his claim into parts, each part must stand by itself, and be held to cover only devices mentioned in it. If this construction should be adopted, the patent, so far as this case is concerned, would be defeated. The patent is a grant, and is to be fairly and liberally construed, in favor of the grantee, to effectuate the intention of the parties to it. This is the settled doctrine in this country. Construing according to this rule, the whole subject of the patent is to be looked at.

It is for an improvement in double-acting pumps, and has no reference to single-acting pumps. The claim must be read as if it said, for the combination, in a double-acting pump, such as had been described, of the parts mentioned. This saves the patent, and saves the claim as a claim for the combination of the parts mentioned in such a pump. There they work together, and are not a mere aggregation. The defendant sells a pump which has an open cylinder beside the piston cylinder, for the valves below the piston, both of which are below an open water head, through which the piston and these valves can be readily withdrawn and replaced; and another cylinder, beside the piston cylinder, for the valves above the piston, opening into the water head, extends over it, with a fixed cover to the piston cylinder, so that the valves above the piston can be worked; all the stationary parts of which are cast in one piece, and all the moving parts of which are, when in operation, under the water, and made air-tight by the water, and constituting a double-acting pump. Here are all the elements of the combination described in the second claim of the patent, each doing the same thing in the same way as described in the corresponding parts of the specification, except the cylinder cover of the piston cylinder. As to that, in the orator's pump, it operates during the down stroke of the piston, as a cover for that cylinder, without which the valves above the piston could not work at all; and, in the defendant's pump, it does precisely the same thing, during the corresponding movement, without which the valves above the piston could not work there at all. In the orator's pump it can be hauled up with the piston, through the open water head, as far as the fastenings about the piston-rod above the pump will permit. In the defendant's pump it is fastened down to its place by braces from the supports of the piston-rod above the pump, but is readily removable by removing those braces, and removable through the open water head. To free it wholly from the rest of the pump, the fastenings of the piston-rod, above the pump, must be removed in each case; so that element of the combination performs one office in the

defendant's pump in the same manner as in the orator's, and in the manner assigned to it in that claim. That part of the orator's invention has been appropriated to the construction of the defendant's pump. It is not necessary, in order to constitute infringement of a combination patented as such, that the whole combination should be used. If a part of it only, that, separate from the rest, was new and patentable to the inventor, is used, taking that part is an infringement *pro tanto*. *Lister* v. *Leather*, 8 Ell. & B. 1004; *Sellers* v. *Dickinson*, 5 W. H. & G. Exch. 311, 312. Here the whole of this part of the patented invention is taken for one purpose, but not for all. It is none the less taken, however, and the taking is none the less an infringement because it is not taken for all purposes.

The defendant's pump is, probably, in some respects, an improvement upon the orator's, but that is no excuse for taking that part which the orator invented, and is not claimed to be. It is said that, as double-acting pumps were well known before, the orator could only have a patent for his particular form, and that the defendant's pump is of different form, and does not infringe. *Railway Co.* v. *Sayles*, 97 U. S. 554. And the statements of Mr. Justice Bradley, in the opinion of the court, are cited in support of that argument. Those statements are very applicable to cases like this. It is to be noticed that each inventor is there said to be entitled to his own specific form only so long as it differs from those of his competitors, and does not include theirs. Here the defendant has included a part of the orator's specific form of double-acting pump, and cannot shield himself from being adjudged an infringer to that extent.

Let there be a decree for an injunction and an account, according to the prayer of the bill, with costs.